1  STEVEN F. SCHOSSBERGER, California Bar No. 178494
2  HAWLEY TROXELL ENNIS & HAWLEY LLP
   877 Main Street, Suite 1000
3  P.O. Box 1617
   Boise, ID 83701-1617
4  Telephone: 208.344.6000
   Facsimile: 208.954.5260
5
6  Attorneys for Defendants Brian Denny, ASI Machine and Supply,
   CNCPros.Net, Inc., Automated Solutions, Inc., CNCListings, LLC
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | HAAS AUTOMATION, INC. | Case No. CV 12-04779 CBM/PLA |
   |---|---|
12 | Plaintiff, | |
13 | v. | **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
14 | BRIAN DENNY, an individual, ASI MACHINE AND SUPPLY, an unknown entity, CNCPROS.NET, Inc., an Idaho Corporation, AUTOMATED SOLUTIONS, INC., an Idaho Corporation, CNCLISTINGS, LLC, an Idaho Corporation, and Does 1-10 inclusive | |
15 | | |
16 | | |
17 | | |
18 | | |
19 | Defendants. | |

20      Defendants Brian Denny, CNCPros.Net, Inc., Automated Solutions, Inc. and
21 CNCListings, LLC, by and through their undersigned counsel of record, Steven F. Schossberger
22 of the law firm Hawley Troxell Ennis & Hawley LLP, in answer to Plaintiff's Complaint admits,
23 denies and alleges as follows:

                              **GENERAL DENIAL**
24
25      Defendants deny each and every allegation contained in Plaintiff's Complaint unless
26 expressly and specifically admitted herein.
27
28

## SPECIFIC ADMISSIONS AND DENIALS

## JURISDICTION AND VENUE

1. In response to paragraph 1 of Plaintiff's Complaint, Defendants admit only that this Court has subject matter jurisdiction over the claims alleged in Plaintiff's Complaint, and that Defendants do not contest this Court's exercise of jurisdiction over the Defendants.

2. In response to paragraph 2 of Plaintiff's Complaint, Defendants admit that the Court has supplemental jurisdiction over the state law claims.

3. In response to the allegations in paragraph 3 of Plaintiff's Complaint, Defendants admit only that they do not contest venue in this Court. Defendants deny all other allegations set forth in paragraph 3 of Plaintiff's Complaint.

## PARTIES

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. In response to the allegations in paragraph 5 of the Complaint, Defendant Brian Denny ("Denny") admits that he is an individual residing in the State of Idaho, and the remaining allegations in said paragraph are denied.

6. In response to the allegations in paragraph 6 of the Complaint, Defendants deny the allegation that ASI Machine and Supply ("ASI") is a purported business entity, admits that the name ASI Machine and Supply ("ASI") is not formerly organized or registered with any state, and denies the allegation that ASI Machine and Supply ("ASI") conducts business at 1582 E. Brambel Lane, Meridian, Idaho 83642.

7. Defendant CNCPros.Net, Inc., ("CNCPros") admits the allegations set forth in paragraph 7 of the Complaint.

8. Defendant Automated Solutions, Inc. ("Automated Solutions") admits the allegations set forth in paragraph 8 of the Complaint.

9. Defendant CNCListings, LLC ("CNCListings") denies the allegations in paragraph 9 of the Complaint.

1   10.   In response to the allegations in paragraph 10 of the Complaint, Defendant Automated Solutions admits that Denny is the President of this corporation, and Defendant CNCPros admits that Denny is the President of this corporation, and the remaining allegations in said paragraph are denied.

11.   Defendant CNCListings admits the allegations in paragraph 11 of the Complaint.

12.   Paragraph 12 of Plaintiff's Complaint does not set forth any factual allegation to which a response is required; however, to the extent a response is required the allegations are denied.

13.   In response to the allegations in paragraph 13 of the Complaint, Defendants admit that Haas manufactures computer numerically controlled (CNC) machine tools, and that it holds certain registered trademarks, and the remaining allegations in said paragraph are denied.

14.   In response to the allegations in paragraph 14 of the Complaint, Defendants admit that on November 13, 2009, Plaintiff filed a Complaint against Defendants Denny, Automated Solutions, CNCPros and the fictitious entity ASI Machine and Supply.  Plaintiff's complaint in Case No. CV-09-08336 speaks for itself.  Defendants admit that Plaintiff filed an Amended Complaint on February 12, 2010, which document speaks for itself.  Defendants admit that in April, 2011, the jury submitted a Special Verdict finding that Denny's registration of five (5) domain names violated the ACPA, and Defendants admit that Exhibit 1 of Plaintiff's Complaint is a true and correct copy of Doc. #109 from Case CV-09-08336, and the remaining allegations in said paragraph are denied.

15.   In response to the allegations in paragraph 15, Defendants admit that the twenty-one (21) domains named in said paragraph 15 were not included in any pleading in Case No. CV-09-08336, and the remaining allegations in said paragraph are denied.

16.   In response to the allegations in paragraph 16 of the Complaint, the referenced discovery response dated October 12, 2010 is the best evidence of its content and speaks for itself, and the remaining allegations in said paragraph are denied.

17. In response to the allegations in paragraph 17 of the Complaint, the referenced discovery response dated October 12, 2010 is the best evidence of its content and speaks for itself. The remaining allegations in said paragraph are denied.

18. In response to the allegations in paragraph 18 of the Complaint, the referenced discovery response dated October 12, 2010 is the best evidence of its content and speaks for itself, and the remaining allegations in said paragraph are denied.

19. In response to the allegations in paragraph 19 of the Complaint, Denny admits that during his deposition he was questioned about a certain alleged copyrighted photograph of a Haas machine, and the remaining allegations in said paragraph are denied.

20. Defendants admit the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. In response to the allegations in paragraph 22 of the Complaint, Defendants admit that www.haasplus.com is an active website and further admit that Exhibit 2 of Plaintiff's Complaint depicts what was printed by Plaintiff on April 25, 2012, and the remaining allegations in said paragraph are denied.

23. Defendants deny the allegations in paragraph 23 of Plaintiff's Complaint. Defendants affirmatively aver that the allegations in paragraph 23 of Plaintiff's Complaint violate Rule 11 of the Federal Rules of Civil Procedure.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. In response to the allegations in paragraph 25 of Plaintiff's Complaint, Defendants admit that Plaintiff holds trademarks identified by registration nos. 2,573,776; 2,573,775; 3,533,101; and 3,514,894.

26. In response to the allegations in paragraph 26 of Plaintiff's Complaint, Defendants admit that Plaintiff registered HaasCNC.com on June 10, 1996 and that the website remains active, and the remaining allegations in said paragraph are denied.

27. Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

28. In response to the allegations in paragraph 28 of Plaintiff's Complaint, Defendants admit that Haas sells CNC machines.

29. In response to the allegations in paragraph 29 of Plaintiff's Complaint, Defendants admit that the Haas mark is used in association with the sale of its products.

30. In response to the allegations in paragraph 30 of the Complaint, Defendants admit that the Haas mark is found on its website www.haascnc.com.

31. In response to the allegations in paragraph 31 of the Complaint, the first sentence sets forth a legal conclusion to which no response is required; and Defendants admit that Plaintiff has not abandoned any of its registered trademarks.

32. In response to the allegations in paragraph 32 of the Complaint, Defendants admit that Copyright Registrations Nos. VA001812620, VA0001812618, VA000181339, VA0001812619 and VA001812616 are the best evidence of their content and speak for themselves.

33. In response to the allegations in paragraph 33 of the Complaint, Defendants admit that Copyright Registrations Nos. VA001812620, VA0001812618, VA000181339, VA0001812619 and VA001812616 are the best evidence of their content and speak for themselves.

34. In response to the allegation in paragraph 34 of the Complaint, Defendants admit that Copyright Registrations Nos. VA001812620, VA0001812618, VA000181339, VA0001812619 and VA001812616 are the best evidence of their content and speak for themselves.

35. In response to paragraph 35 of Plaintiff's Complaint, the answers to paragraphs 1-34 above are incorporated as though set forth in full herein.

36. In response to the allegations in paragraph 36 of Plaintiff's Complaint, Exhibit 6 attached to the Complaint is the best evidence of its content and speaks for itself, and the remaining allegations in said paragraph are denied.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. In answer to the allegations in paragraph 40 of Plaintiff's Complaint, Defendants incorporate by reference the answers to paragraphs 15 and 21 of Plaintiff's Complaint.

41. In response to the allegations in paragraph 41 of the Complaint, the allegations assert certain legal conclusions to which no response is required; and Defendants admit that the Special Verdict in Case No. CV-09-08336 speaks for itself.

42. Defendants deny the allegations in paragraph 42, A, B, C, D, E, F, and G of Plaintiff's Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. In response to paragraph 44 of Plaintiff's Complaint, Defendants incorporate by reference the responses to paragraphs 1-43 above as though set forth herein.

45. In response to the allegations in paragraph 45 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations as to the creation of the photographs depicted in Exhibit 3, and therefore deny said allegations and Defendants further deny the remaining allegations in said paragraph.

46. In response to the allegation in paragraph 46 of Plaintiff's Complaint, the copyright registrations noted are the best evidence of their content and speak for themselves.

47. In response to the allegations in paragraph 47 of the Complaint, the Copyright Act of 1976 speaks for itself.

48. In response to the allegations in paragraph 48 of the Complaint, 17 U.S.C. § § 101 *et seq.* speaks for itself.

49. Defendants admit the allegations in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations in paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations in paragraph 52 of the Plaintiff's Complaint.

53. Defendants deny the allegations in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations in paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations in paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations in paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations in paragraph 57 of Plaintiff's Complaint.

58. In response to paragraph 58 of Plaintiff's Complaint, Defendants incorporate by reference the responses to paragraphs 1-57 above as though set forth herein.

59. Defendants deny the allegations in paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations in paragraph 60 of Plaintiff's Complaint.

61. In response to paragraph 61 of Plaintiff's Complaint, Defendants incorporate by reference the responses to paragraphs 1-60 above as though set forth herein.

62. Defendants deny the allegations in paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations in paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations in paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations in paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations in paragraph 66 of Plaintiff's Complaint.

67. In response to paragraph 67 of Plaintiff's Complaint, Defendants incorporate by reference the responses to paragraphs 1-66 above as though set forth herein.

68. Defendants deny the allegations in paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations in paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations in paragraph 70 of Plaintiff's Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

71. Defendants deny that Plaintiff is entitled to any of the relief requested in the prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a separate and viable claim against each identified Defendant upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Should it be determined that any Defendant registered a domain name at issue, then Plaintiff's First Cause of Action under 15 U.S.C. § 1125(d) should be dismissed because said Defendant believed, and had reasonable grounds to believe, that its intended use of the domain name was a fair use or otherwise lawful.

### THIRD AFFIRMATIVE DEFENSE

None of the Defendants have individually, or in concert with the other, registered a domain name at issue which gives Plaintiff a right to recover under 15 U.S.C. § 1125(d).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages, and is in no danger of suffering damages, based upon any of the Defendants alleged conduct.

### FIFTH AFFIRMATIVE DEFENSE

None of the Defendants actions give Plaintiff a right to recover any relief under the Copyright Act, Title 17 U.S. Code.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the Second Claim for Relief for copyright infringement because registration of Plaintiff's alleged copyrights was not made as required by 17 U.S.C. 411(a).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the Second Claim for Relief for copyright infringement under the Idea Expression Merger Doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

Defendants alleged actions do not give Plaintiff a right to recover under 15 U.S.C. § 1125(A).

### TENTH AFFIRMATIVE DEFENSE

Defendants alleged actions do not give Plaintiff a right to recover under California Business and Professions Code § 17200.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants alleged actions do not give Plaintiff a right to recover under California Business and Professions Code § 17500.

### TWELFTH AFFIRMATIVE DEFENSE

Should any Defendant be determined to have registered any domain name at issue, then said Defendant's actions are protected pursuant to 15 U.S.C. § 1125(d)(1)(B)(ii).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Defendants based upon the doctrine of *res judicata*.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Defendants based upon the doctrine of collateral estoppel.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury as to all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint be dismissed in its entirety and with prejudice and that Plaintiff take nothing thereunder;

1  2.   That Defendants be awarded their reasonable costs, including attorney fees, necessarily incurred in defending this action; and

3.   For such other and further relief as the Court deems just and proper.

DATED:  June 25, 2012

HAWLEY TROXELL ENNIS & HAWLEY LLP

By:  /s/   Steven F. Schossberger
Steven F. Schossberger,
California Bar No. 178494
Attorneys for Defendants Brian Denny,
ASI Machine and Supply, CNCPros.Net,
Inc., Automated Solutions, Inc.,
CNCListings, LLC

## CERTIFICATE OF SERVICE

STATE OF IDAHO       )
                     ) ss.
County of Ada        )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the within entitled action. I am employed in the County of Ada, Idaho and my business address is 877 Main Street, Suite 1000, P.O. Box 1617, Boise, Idaho 83701.

On June 25, 2012, I caused to be served the following document:

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

☐ By **U.S. Mail:** I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is depositing with the U.S. Postal Service on that same day with postage thereon fully prepaid at Boise, Idaho in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ By **Facsimile:** I caused such document to be transmitted by facsimile machine pursuant to Rule 2008(e). The recipient's name and fax number that I used are as shown above. The facsimile machine that I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), a transmission report was properly issued by the transmitting facsimile machine.

☐ By **Fed Ex**: Via Federal Express overnight express carrier, by placing the document(s) in a sealed Federal Express envelope addressed to each person listed above (or on the attached Service List) with delivery fees prepaid or provided for; and depositing the document(s) in a box or other facility regularly maintained in Boise, Idaho by Federal Express, or by delivering the document(s) to an authorized courier or driver authorized by Federal Express to receive documents.

☒ By **Electronic Service Filing**: Complying with Fed.R.Civ.P. 5(b)(2)(d), my electronic business address is sschossberger@hawleytroxell.com and I caused such document(s) to be served for the above-entitled case to those parties listed on the Service List below. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ By **PERSONAL SERVICE**: I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Tri County Process Service on the parties listed below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

| Debra Deem<br>Farah P. Bhatti<br>Jason E. Goldstein<br>BUCHALTER NEMER<br>A Professional Corporation<br>18400 Von Karman Avenue, Suite 800<br>Irvine, CA  92612-0514 | ddeem@buchalter.com<br><br>Attorneys for Plaintiff |
|---|---|

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Boise, Idaho, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of Idaho that the above is true and correct.

Executed on June 25, 2012, at Boise, Idaho.

By:/s/ _____
Steven F. Schossberger

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

44966.0007 5116362