UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-04779-CBM (JEMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | *Haas Automation, Inc. v. Brian Denny, et. al.* | | |

| Present: The Honorable | CONSUELO B. MARSHALL | |
|---|---|---|
| Joseph M. Levario | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS/OFF THE RECORD
ORDER TO SHOW CAUSE AS TO WHETHER THE COURT HAS
PERSONAL JURISDICTION OVER DEFENDANTS AND WHETHER
VENUE IS PROPER IN THIS DISTRICT

The matter before this Court is Plaintiff Haas Automation, Inc.'s Complaint, filed on May 31, 2012.  (Plaintiff's Complaint ("Compl."), EFC. No. 1.)  The Complaint alleges causes of action for: (1) violation of the Anti-Cybersquatting Consumer Protection Act; (2) copyright infringement; (3) false designation in interstate commerce; (4) unfair business practices pursuant to California Business and Professions Code Section 17200; and (5) false advertising pursuant to California Business and Professions Code Section 17500.  (*Id.*)  Plaintiff is a California corporation having its principal place of business in Oxnard, California.  (Compl. at ¶ 4.)  Defendant Brian Denny is an individual residing and conducting business in Idaho.  (*Id.* at ¶ 5.)  Defendant ASI Machine and Supply is a purported business entity conducting business in Idaho.  (*Id.* at ¶ 6.)  Defendant CNCPROS.net is an Idaho corporation conducting business in Idaho.  (*Id.* at ¶ 7.)  Defendant Automated Solutions, Inc. is also an Idaho corporation conducting business in Idaho.  (*Id.* at ¶ 8.)  Defendant Does 1-10 are allegedly "agents, successors, employees, or otherwise responsible parties" for Defendants Denny, ASI, CNC, and Automated Solutions (collectively, "Defendants").  (*Id.* at ¶ 12.)

Because the basis for personal jurisdiction and venue in this case are not clear based upon the allegations in Plaintiff's Complaint, the Court issues the following Order to Show Cause:

**Personal Jurisdiction**

It is not clear that this Court has personal jurisdiction over Defendants.  Due process requires that, "in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-04779-CBM (JEMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | *Haas Automation, Inc. v. Brian Denny, et. al.* | | |

offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (internal quotation marks and citation omitted). Plaintiff alleges that California has personal jurisdiction over Defendants because they "regularly conduct business via the Internet in California," thereby maintaining the requisite minimum contacts under 28 U.S.C. § 1391(a). (Compl. at ¶ 3.) However, Defendants do not appear to have any other contact with California other than using the Internet to register domain names. It is also unclear whether Defendants conduct business in California, as the Complaint only alleges that Defendants reside and conduct business in Idaho. (*Id.* at ¶¶ 5-9.) Thus, it is not apparent that Defendants have the requisite minimum contacts with California to be subject to personal jurisdiction here.

**Venue**

It also is not clear to the Court that the Central District is the proper venue. Venue in federal question cases is proper in the following judicial districts, except as otherwise provided by special venue rules: (1) where any defendant resides, if all defendants reside in the same State, (2) where a substantial part of the events or omissions giving rise to the claim occurred, or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. §1391(b). A corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). 28 U.S.C. Section 1400(a) further states that "[c]ivil actions, suits, or proceedings arising under the Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." Plaintiff alleges that venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) "because a substantial part of the events or omissions giving rise to the claims herein arose in this District." (Compl. at ¶ 3.) However, Plaintiff alleges in the Complaint that Defendants have their principle place of business in Idaho and conduct business in that state. Defendants only contact with California appears to be Defendants' usage of the Internet to allegedly conduct business within the state. (*Id.* at ¶ 3.) Thus, it is not apparent that the Central District of California is a proper venue.

**Conclusion**

Plaintiff has not put forth any allegations that allow the Court to determine whether personal jurisdiction or venue in this case are proper. Plaintiff has not alleged that Defendants reside or conduct business in this district, that Defendants have committed any acts of infringement in this district, nor that Defendants have a regular and established place of business in this district. To the contrary, Plaintiff has alleged that all of the Defendants reside or conduct their business in Idaho, and that they have a principal place of business in Idaho.

Therefore, the Court issues the present Order to Show Cause as to why the Court should not dismiss or transfer this action for lack of personal jurisdiction and improper venue. Plaintiff is hereby **ORDERED** to provide in writing, no later than **Thursday, June 28, 2012**, the factual and legal basis for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-04779-CBM (JEMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | *Haas Automation, Inc. v. Brian Denny, et. al.* | | |

satisfying the requirements of personal jurisdiction and venue in the Central District of California. Failure to respond to this Order no later than **Thursday, June 28, 2012**, will result in the dismissal of this action, without prejudice.

      Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7.15, NO ORAL ARGUMENT will be heard on this matter unless ordered by the Court. The Order to Show Cause will stand submitted upon filing of a response.

**IT IS SO ORDERED**.

                                                                                                 00 : 00

                                                                   Initials of Preparer      JL